Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2210 | **DATE** | 5/26/2011 |
| **CASE TITLE** | Clarke, *et al.* vs. Community Unit School District 303 | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Motion to Remand [35] is denied.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

    Before the Court is Plaintiffs' Motion to Remand [35]. Plaintiffs are parents of children who attend Davis Elementary School in St. Charles, Illinois. Students with limited English proficiency at the neighboring Richmond Elementary School had problems passing the Illinois Standard Achievement Test. The Defendant Community Unit School District 303's plan to improve Richmond's scores was unsuccessful, which led to decreased enrollment at the school. Defendant subsequently initiated a plan to close the Davis and Richmond schools, and replace them with a kindergarten-through-second grade school and a third-through-fifth grade school.

    Plaintiffs filed their Complaint in Illinois Circuit Court in Kane County. Defendant removed the case, as it raised claims under the federal No Child Left Behind Act and alleged violations of their federal due process and equal protection rights, among other claims brought under Illinois state law. The Court granted Plaintiffs leave amended their Complaint; the Amended Complaint attempts to eliminate all federal claims. As such, Plaintiffs seek to remand the case to Illinois Circuit Court, arguing that this Court lacks subject matter jurisdiction over the matter.

    Under the removal statute, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). No Child Left Behind was enacted pursuant to Congress's spending power, and in passing the statute, Congress did not create a private right of action for its enforcement. *See Ass'n of Cmty. Orgs. for Reform Now v. New York City Dep't of Educ.*, 269 F. Supp. 2d 338, 343–44 (S.D.N.Y. 2003). It is enforceable by only the agency charged with administering it. *See Horne v. Flores,* 129 S. Ct. 2579, 2598 n.6 (2009). Defendant argues that even though Plaintiffs allege violations of only the Illinois School Code, the Amended Complaint still presents questions

| STATEMENT |
|---|

of federal law because the School Code sections through which Plaintiffs allege violations were enacted to implement No Child Left Behind.

The Court recognizes that No Child Left Behind contains a detailed set of requirements that states must submit to the federal government to receive federal funds. The states, however, do not have to enact uniform laws to comply with No Child Left Behind. The Act requires each state to craft its own plan "developed by the State educational agency, in consultation with local educational agencies, teachers, principals, pupil services personnel, administrators . . . , other staff, and parents." 20 U.S.C. § 6311(a)(1). The Act simply provides the baseline requirements that states' education plans must meet. According to the Department of Education, no national standards exist, as states can design their own standards and tests. *See* The Facts About . . . State Standards, http://www2.ed.gov/nclb/accountability/standards/standards.html (last visited May 23, 2011). The federal government provides states education funds pursuant to the states' agreement to raise student achievement up to federally mandated levels. Compliance with the Illinois School Code enacted to comply with No Child Left Behind law does not depend on an interpretation of federal law, or a determination of federal rights. As such, this Court does not have subject matter jurisdiction over these questions of state education law. *See Coachella Valley Unified Sch. Dist. v. State of California*, No. 05-C-2657, 2005 WL 1869499, at *3 (N.D. Cal. Aug. 5, 2005).

Defendant argues that the Supreme Court's decision in *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), compels the Court to preside over this case. *Grable* is distinguishable, however, in that it dealt with a claim of title to land obtained at a federal tax sale. *Id*. at 310. The petitioner premised its superior title claim on a failure by the IRS to give it adequate notice of the seizure of its real property. *Id*. at 311. Its claim revolved around an interpretation of a federal tax statute, which was the only legal or factual issue in the case. *Id*. at 315. In dicta, the Court discussed its holding in *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804 (1986), and clarified this case as holding that the absence of a federal private right of action is not dispositive of the existence of federal jurisdiction. *Id*. at 318. In the case before this Court, there is no private right of action in No Child Left Behind. However, unlike *Grable*, this case involves an interpretation of *state* education law. There is no need for consistency of opinions in federal courts to interpret this law. Adjudication of matters concerning the Illinois School Code is the province of Illinois state courts.

Moving on, Plaintiffs have also raised claims alleging violations of the due process and equal protection clauses of the Illinois Constitution. The Illinois Constitution's guarantees of due process are not necessarily the same as those provided by the federal Constitution. *See Kohler Co. v. Kohler Int'l, Ltd.*, 196 F. Supp. 2d 690, 695 (N.D. Ill. 2002). Therefore, the due process claim is not an artfully pled maneuver to avoid federal jurisdiction. The Illinois and federal equal protection clauses, however, are evaluated under the exact same standards. *See Jarabe v. Indus. Comm'n*, 666 N.E.2d 1, 3 (Ill. 1996). Plaintiffs' initial Complaint alleged equal protection violations under both the Illinois and United States constitutions. Plaintiffs may not avoid federal question jurisdiction by artfully omitting federal issues essential to their complaint. *See Mitchell v. Pepsi-Cola Bottlers, Inc.*, 772 F.2d 342, 344 (7th Cir. 1985). The Illinois and federal equal protection clauses mirror each other. Plaintiffs have engaged in artful pleading by stripping the federal equal protection claim from its Complaint. As such, the Court finds that it has subject matter jurisdiction over the Amended Complaint, because it pleads a federal constitutional violation. If Plaintiffs dismiss their equal protection claim with prejudice, the Court would lack jurisdiction over the case.

However, with the equal protection claim intact, the Court has subject matter jurisdiction over the case. Accordingly, Plaintiffs' Motion to Remand is denied.