# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2210 | **DATE** | 7/5/2011 |
| **CASE TITLE** | Clarke, *et al.* vs. Community Unit School District No. 303 | | |

**DOCKET ENTRY TEXT**

Defendant Community Unit School District No. 303's Petition for Award of Costs, Expenses, and Fees Pursuant to 28 U.S.C. § 1927 [31] is denied.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

    Plaintiffs are parents of children who attend Davis Elementary School in St. Charles, Illinois. Students with limited English proficiency at the neighboring Richmond Elementary School had problems passing the Illinois Standard Achievement Test. The Defendant Community Unit School District 303's (hereinafter, the "Defendant") plan to improve Richmond's scores was unsuccessful, which led to decreased enrollment at the school. Defendant subsequently initiated a plan to close the Davis and Richmond schools, and replace them with a kindergarten-through-second grade school and a third-through-fifth grade school.

    Plaintiffs filed their Complaint in Illinois Circuit Court in Kane County. Defendant removed the case pursuant to 28 U.S.C. § 1446(a), as the Complaint raised claims under the federal No Child Left Behind Act and alleged violations of their due process and equal protection rights. Once Defendant removed the case to this Court, Plaintiffs filed a Motion to remand it back to state court. It appears that when Plaintiffs realized that their Motion to Remand was perhaps improper, as their Complaint alleged violations of the federal statutes and of their constitutional rights, they filed a Motion for Voluntary Dismissal Pursuant to Rule 41(a)(2).[27] This occurred on April 12, 2011, one day after Defendant filed a Motion for Judgment on the Pleadings [20], and the same day that Defendant responded to the Motion to Remand. On April 14, the Court denied Plaintiffs' Motions to Dismiss and Remand, and granted Plaintiffs leave to amend their Complaint. On April 22, Defendant filed the Petition for Award of Costs, Expenses, and Fees Pursuant to 28 U.S.C. § 1927 currently before this Court. [31]

    Under § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Seventh Circuit has set forth an explanation of the actions that can lead to the imposition of such sanctions:

> We have explained that a court has discretion to impose § 1927 sanctions when an attorney has acted in an objectively unreasonable manner by engaging in serious and studied disregard for

| STATEMENT |
|---|

the orderly process of justice; pursued a claim that is without plausible legal or factual basis and lacking in justification; or pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound.

*The Jolly Grp., Ltd. v. Medline Indus.*, 435 F.3d 717, 720 (7th Cir. 2006) (quotations and internal citations omitted). The party moving for sanctions must show subjective bad faith "only if the conduct under consideration had an objectively colorable basis." *Dal Pozzo v. Basic Mach. Co., Inc.*, 463 F.3d 609, 614 (7th Cir. 2006). Objective bad faith requires only reckless indifference to the law, not malice or ill will. *See id*.

In this case, Plaintiffs' counsel's filing of the April 7, 2011, Motion to Remand did not constitute subjective or objective bad faith conduct. Count I of Plaintiffs' Complaint alleged "Violation of Federal and State Law," and this Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. § 1331. The allegations in Count I, however, related to the No Child Left Behind Act, which does not have a private right of action for its enforcement. As this Court stated in its May 26, 2011, Opinion denying Plaintiffs' Motion to Remand [47], the No Child Left Behind Act claim—despite its title and allegations concerning federal law—actually involved questions of state law.

Counts III and IV alleged due process and equal protection violations, respectively. These claims were initially filed in Illinois state court, and the Complaint does not enunciate whether Plaintiffs claim that their federal, state, or combined constitutional rights have been violated. As this Court already stated in the May 26 Opinion, federal and Illinois equal protection claims are evaluated under the exact same standards. *See Jarabe v. Indus. Comm'n*, 666 N.E.2d 1, 3 (Ill. 1996). The due process claims, on the other hand, can be different. *See Kohler Co. v. Kohler Int'l, Ltd.*, 196 F. Supp. 2d 690, 695 (N.D. Ill. 2002). The Complaint is not a model in artful pleading, with its failure to cite which specific constitutional rights Plaintiffs allege were infringed. However, given that the case was filed originally in state court, Plaintiffs' counsel had a marginally plausible argument that the Complaint did not state a federal cause of action. He made a reasonable error in not realizing that Illinois and federal equal protection violations are virtually identical, which gave this Court jurisdiction over the case. (Of note, Defendant's counsel appears to have not realized this prior to this Court's May 26 Opinion, or simply failed to argue this in opposing Plaintiffs' April 7 and May 4 Motions to Remand.)

In filing the April 7 Motion to Remand, Plaintiffs' counsel may have acted with a lack of diligence and acumen. He should have sought leave to amend his clients' Complaint prior to moving for remand. His litigation tactics caused more work and expense for Defendant, and his conduct slightly prolonged the proceedings. Filing this Motion did not, however, constitute a sanctionable reckless indifference to the law.

Accordingly, Defendant's Motion for § 1927 sanctions is denied.